UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) No. 2:10-CR-90 |
| | ) |
| MICHAEL NORMAN DUBE | ) |

## REPORT AND RECOMMENDATION

The defendant has filed a motion to dismiss the indictment. (Doc. 11). This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). A hearing was held on January 14, 2011.

With respect to Counts 1-16 of the *original* indictment, defendant asks that those counts be dismissed because the indictment failed to assert that the illegal acts were "knowingly and intentionally" done as the subject statute, 18 U.S.C. § 843, requires.

Commonsensically, it is impossible to fathom how a person can obtain possession of a controlled substance "by misrepresentation, fraud, forgery, deception and subterfuge" without doing so "knowingly and intentionally." Nevertheless, there is no longer any need for anyone to concern himself with this hyper-technical issue since the superseding indictment adds the words "knowingly and intentionally." Therefore, this particular argument is now moot.

Defendant also argues that each count, i.e., 1-16, "does not incorporate by reference allegations contained in other counts as to counts 1-16."

Both the original indictment and the superseding indictment reads as follows:

**SUPERSEDING INDICTMENT**
**COUNTS ONE THROUGH SIXTEEN**

On or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, MICHAEL NORMAN DUBE, did knowingly and intentionally acquire and obtain possession of the controlled substances listed below by misrepresentation, fraud, forgery, deception and subterfuge:

Count 1  Hydrocodone with acetaminophen, Schedule III    October 2, 2006
Count 2  Hydrocodone with acetaminophen, Schedule III    November 2, 2006
*etc*., through Count 16.

In other words, each count alleges a different date that the defendant acquired controlled substances, and in a few instances a different drug.

It is defendant's argument that each count should contain, either explicitly or by incorporation by reference, the words "Michael Norman Dube, did knowingly and intentionally acquire and obtain possession of [here insert the name of the drug] on [here insert the relevant date] by fraud, forgery, etc.

Defendant cited no authority to the court for this argument, and the court is unaware of any. Rule 7(c)(1) of the Federal Rules of Criminal Procedure directs that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The sufficiency of an indictment is determined by whether it apprises the defendant of the charges against him so that he can prepare his defense, and whether it is sufficiently specific to protect the defendant against double jeopardy. *United States v. Blamdford*, 33 F.3d 685, 705 (6th Cir. 1994). This indictment satisfies both requirements. It is clear that the United States is alleging that on October 2, 2006, the defendant knowingly and intentionally obtained possession of Hydrocodone with acetaminophen by misrepresentation, fraud, etc. (Count 1). It is clear that the indictment charges the defendant with obtaining possession of Hydrocodone with acetaminophen on November

2, 2006, by misrepresentation, fraud, forgery, etc. (Count 2). It is clear that the indictment tells the defendant that he is charged with obtaining possession of Suboxone on June 3, 2008 by misrepresentation, fraud, etc. (Count 16).

Defendant's argument is premised upon an unreasonably hyper-technical argument which, if adopted, would accomplish nothing, bearing in mind that the purpose of an indictment is to instruct the defendant with what he is charged, and this indictment, as drafted, fully accomplishes that purpose.

Defendant's motion to dismiss also attacks Count 17 of the original indictment. That count has now been expanded into Counts 17-31 in anticipation of the defendant's argument that Count 17, as originally drafted, was duplicitous. However, defendant's argument with respect to original Count 17 can be reasonably extended to Counts 17-31 of the Superseding Indictment. Defendant argues that these counts "[do] not sufficiently apprise the defendant of what he must be prepared to meet in the defense of this case." Defendant's argument in reality is better addressed in the context of a motion for bill of particulars, not a motion to dismiss.

For all the foregoing reasons, it is respectfully recommended that defendant's motion to dismiss be denied.[1]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. 636(b)(1).